N0-13-2870

_____

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

_____

|                              |   |                    |
|------------------------------|---|--------------------|
| UNITED STATES OF AMERICA     | ) |                    |
| Plaintiff-Appellee,          | ) |                    |
|                              | ) |                    |
| vs.                          | ) | Case No. 15-CR-54-2 |
|                              | ) |                    |
| AMADOU CAMARA                | ) |                    |
| Defendant-Appellant,         | ) |                    |
|                              | ) |                    |

_

MOTION FOR RELEASE PENDING TRIAL

_____

Now comes Amadou Camara, Defendant, by his assigned counsel, Gregory N. Dutch, hereby moves this court to consider the following release plan pursuant to 18 U.S.C.. § 3142.

**SAFETY/DANGER.** Defendant knows of no issues pertaining to these risks.

**FLIGHT RISK.** Defendant is not a flight risk. Defendant knew of charges being brought against his co-defendants, and instead of remaining overseas, did all he could do to return to the United States. Defendant's greatest fear was being labeled a fugitive. The government was aware the defendant was out of the country, knew where he was located, and was hoping he would find his own way back to the United States, which ultimately happened.

Defendant passport was seized upon arrival.  Defendant has never been charged with a crime, his family live in Wisconsin, he works in Illinois, and his desire to return to face the charges should give the court a belief of his remaining to proceed with the case.

**IMMIGRATION STATUS.**  At the hearing, Attorney Mark Christopher, who specializes in immigration matters, will appear at counsel table to either answer questions from the court and the government, or testify at the hearing.  For purposes of this motion, dealing just with the penumbras of the law, it is undersigned attorney's belief the defendant is in the country legally under the 2012 executive order called Deferred Action for Childhood Arrivals (DACA).  This classification has not yet been removed.  Defendant is also allowed to leave the county and return, with permission from the government, this is called Advanced Parole.  Defendant was overseas, ready to return home, and there was a problem obtaining his advanced parole, thus he had to remain in Dubai, then the Philippines for a number of weeks.

When defendant returned, he was arrested for the charge and ICE now has an active detainer.  If released, ICE has 48 hours to determine if they want to enforce the hold, or lift the hold and wait for the conclusion of the criminal case.  If they decide to hold him, he would be immediately eligible for bail because of his legal status.  Mr. Christopher indicates it would be "highly unlikely" he would be taken and deported, the most likely scenario will be to wait for the criminal case to finish, or they would set a reasonable bond.

**PROPOSED PLAN.**

Defendant would request to live in Chicago, closer to his employment.  He would not be living at his old apartment, but with a new roommate.  The address is 515 W. Barry Ave, # 353, Chicago IL 60657.  His roommate is Gary Filipp who is aware of the criminal charges and would

notify pre trial services if defendant was not abiding by his conditions of release. He could also stay with his parents, Habibou and Hatti Camara, 251 Talbert Place, Sun Prairie WI. However, his employment is in Chicago, so if that residence is authorizes, I would request a travel area , if restricted, to include the Northern District of Illinois. Defendant would be willing to wear a bracelet if the court believed this was necessary. He would avoid contact with co-defendants and witnesses the government might require. He would not use any illegal drugs and would submit to random urine analysis if requested by pre trial services. He is employed at Walton Street Capital, as an equity advisor, and it does not appear there need be any restrictions placed on his job. Given he is not at safety risk nor a risk for fleeing, and it would appear his immigration status is stable, we believe any concerns the government might have are met by the above plan and would request release with any other conditions the court may impose.

                                              Respectfully Submitted,

                                              GREGORY N. DUTCH
                                              Attorney For Amadou Camara


                                              s/Gregory N. Dutch
                                              Appointed counsel

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on June 12, 2015, I electronically filed the foregoing with the Clerk of Court for the United States District Court of Wisconsin, Western Division by using the CM/However, ECF system. Participation in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that Camara in this case is not a CM/ECF user. I have mailed the foregoing document by First Class Mail, postage prepared within 3 calendar days to the non-CM/ ECF participant.

s/Gregory N. Dutch
Gregory N. Dutch
